In re:

FIDDLER'S CREEK, LLC, et al.[1]

    Debtors
_____/

Case No. 9:10-bk-03846-ALP
Chapter 11

# DEBTORS' *EX PARTE* MOTION TO HOLD
# FIRST DAY HEARINGS IN TAMPA DIVISION

Fiddler's Creek, LLC ("Fiddler's Creek") and twenty-seven (27) of its subsidiaries and affiliates (collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court for entry of an order permitting the hearings on the Debtors' various First Day Motions (as hereinafter defined) to be held in this Court's Tampa Division (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

### A.    The Chapter 11 Filing

1. On February 23, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in this case. In

---

[1] The Debtors seeking joint administration are: (i) Fiddler's Creek, LLC; (ii) 951 Land Holdings, LLC; (iii) 951 Land Holdings, Ltd.; (iv) DY Associates, LLC; (v) DY Land Associates, Ltd.; (vi) FC Beach, LLC; (vii) FC Beach, Ltd.; (viii) FC Golf, LLC; (ix) FC Golf, Ltd.; (x) FC Hotel, LLC; (xi) FC Hotel, Ltd.; (xii) FC Marina, LLC; (xiii) FC Resort, LLC; (xiv) FC Resort, Ltd.; (xv) Fiddler's Creek Management, Inc.; (xvi) GBFC Development, LLC; (xvii) GBFC Development, Ltd.; (xviii) GBFC Marina, Ltd.; (xix) Gulf Bay Hospitality Company, LLC; (xx) Gulf Bay Hospitality, Ltd.; (xxi) Gulf Bay Hotel Company, LLC; (xxii) Gulf Bay Hotel Company, Ltd.; (xxiii) DY Land Holdings II, LLC; (xxiv) FC Commercial, LLC; (xxv) FC Parcel 73, LLC; (xxvi) GB Peninsula, Ltd., (xxvii) GBP Development, Ltd. and (xxviii) GBP Development, LLC .

addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**B.      Background and Business Operations**

4. Each of the Debtors in these Chapter 11 cases owns, operates and/or is otherwise affiliated with the premier, fully integrated, master planned residential community known as "Fiddler's Creek" in southwestern Florida. Fiddler's Creek is located in Collier County, Florida, approximately 12 miles southeast of the City of Naples and six miles north of Marco Island. The Fiddler's Creek development is comprised of nearly 4,000 zoned acres of prime land in Naples, Florida, and is planned for and capable of accommodating up to 6,000 residences upon projected build-out, which is estimated to be in 2020. Fiddler's Creek has been approved and vested by the State of Florida as a Development of Regional Impact.

5. The property underlying Fiddler's Creek was accumulated by the Debtors from 1993 through 1996. In 1998, Fiddler's Creek developed, constructed and sold its first home. Since then, Fiddler's Creek has constructed and sold in excess of 1,650 homes in the development. As a result, Fiddler's Creek is home to over 4,300 full and part time residents.

6. Fiddler's Creek contains five distinctive neighborhoods known as: Fiddler's Creek, Veneta, Aviamar, Marsh Cove and Meadow Run. Within each of these neighborhoods are several unique villages of varying housing products offering a wide range of price points. In total, there are 1,782 fully constructed and existing homes, including single family homes, coach homes and carriage homes in different communities within Fiddler's Creek. In addition, there is completed infrastructure for an additional platted 840 units of both single family homesites and

2

multifamily units within a variety of villages.

7. In addition, there is over 33 acres of prime commercial property that is "infrastructure ready," with approximately 23 acres situated along State Road 951 (Collier Blvd.) and approximately 9 acres situated along US 41 (Tamiami Trail). The total commercial square footage for buildout is approximately 300,000 square feet.

8. In addition to the above saleable inventory of homes and developed lots, Fiddler's Creek contains approximately 2,100 acres of undeveloped land fully entitled for approximately 3,329 additional residential units and amenities. This includes approximately 1,300 acres of the undeveloped land approved for future amenity development, including two golf courses, clubhouses, expanded tennis facilities, lakes, preserves and more. Less than one-third of Fiddler's Creek will be developed for residential use, while the remainder of the land is dedicated primarily to nature preserves, lakes, parks, golf courses and recreational areas.

9. Still further, Fiddler's Creek contains substantial and fully completed operating amenities which are enjoyed by the homeowners, including: The Club & Spa at Fiddler's Creek, which is a 54,000 square-foot resort style clubhouse with state-of- the-art fitness facility, lighted tennis courts, full menu spa services, resort style multi-pool swimming complex, casual and formal dining venues and a meeting and activity center.

10. Additionally, homeowners have the opportunity to join The Golf Club at Fiddler's Creek, with its first private course, named "The Creek Course," designed by the acclaimed golf course architect, Arthur Hills. The Creek Course has been nationally recognized by Golf Week magazine as one of the Top 100 Best Residential Golf Courses for each of years 2005 through 2009. Fiddler's Creek has also been recognized by Travel & Leisure magazine as one of America's Top 100 Golf Communities for two consecutive years. The second course, The

Preserve Course, is currently being designed by the award winning team of Hurdzan/Frye.

11. Fiddler's Creek homeowners also have the option to join The Tarpon Club, which offers members beach privileges, dinning, spa services (as well as other resort amenities) at Marco Beach Ocean Resort, located on nearby Marco Island. In addition, the Tarpon Club has a dry boat storage facility that is designed to accommodate up to 150 boats ranging in size up to 35 feet, and is currently finalizing permit rights for 52 wet slips which will accommodate larger boats.

12. For further information on the Debtors' capital structure, business and operations, the Debtors refer to the First Day Declaration filed contemporaneously herewith.

## RELIEF REQUESTED

13. In connection with their Chapter 11 filings, the Debtors filed or will file the following expedited and emergency motions (the "First Day Motions"), and have requested that certain of these motions be set for hearing within three (3) business days pursuant to Administrative Order FLMB-2009-1:

(i) *Emergency* Motion for Joint Administration of Chapter 11 Cases [.P. # 9]

(ii) *Emergency* Motion for Entry of Interim and Final Orders Pursuant to Sections 361, 363, 364(C) and (D) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure Authorizing (A) Debtors In Possession to Obtain Secured Post-Petition Financing, (B) Granting Certain Priming Liens, (C) Approving Agreements Relating to the Foregoing, (D) Modifying the Automatic Stay, (E) Granting Super-Priority and Administrative Claim Status, (F) Authorizing Use of Cash Collateral and Granting Adequate Protection Therefor, (G) Scheduling a Final Hearing, and (H) Prescribing Form and Manner of Notice with Respect Thereto [C.P. # 10]

(iii) *Emergency* Motion for Entry of an Order Authorizing Debtors to File a Consolidated Case Management Summary [C.P. # 19]

(iv) *Emergency* Motion by Debtors' To (I) Set Claims Bar Dates, and (II) For Approval Of Form And Manner Of Notice Of Commencement Of Cases And Bar Dates And For Filing Proofs Of Claim [C.P. # 13]

- (v) *Emergency* Motion for Authority to (A) Prepare, A Consolidated Matrix Of Creditors In Lieu Of Individual Matrices, (B) File The Consolidated Matrix In Each Debtor's Case and (C) File A Consolidated List Of The Debtors' 20 Largest Unsecured Creditors [C.P. # 15]

- (vi) *Emergency* Motion for Entry of Interim Order Determining Adequate Assurance of Payment for Future Utility Services [C.P. # 17].

14. On December 22, 2009, Chuck Kilcoyne, the Court's Deputy-in-Charge, issued a memorandum to all interested parties designating the procedures for requests to hold hearings in matters assigned to Judge Paskay in the Tampa Division of this Court (the "Memorandum"). Pursuant to the Memorandum, such a motion "shall clearly reflect the parties involved and the name of their counsel, if they consent to the hearing being held in the Tampa Division, and the reason for the request to have the hearing held in the Tampa Division."

15. Although the Debtors are located within the Fort Myers Division of this Court, the Debtors have been informed that this Court will not be able to hold emergency hearings on the First Day Motions in the Fort Meyers Division during the week of March 1, 2010. Accordingly, in order to facilitate emergency hearings on the First Day Motions as provided for under the Local Rules at this Court's earliest opportunity, and pursuant to the Memorandum, the Debtors respectfully request that the Court enter an Order allowing the hearings on the First Day Motions to be held in the Tampa Division.

16. The parties involved in the First Day Motions, and the names of their respective counsel (to the extent known to the Debtors) are listed on the Master Service List attached hereto as ***Exhibit "A"***. The Debtors are making every effort to contact these parties and their counsel to obtain consent to hearings being held in the Tampa Division.

17. As of the filing of this Motion, the Debtors are not aware of any specific objection of any interested party to the relief requested in this Motion.

WHEREFORE, the Debtors respectfully request that this Court enter an *Ex Parte* Order,

substantially in the form attached hereto as *Exhibit "B",* allowing the hearings on the First Day Motions to be held in the Tampa Division, and granting such other relief as is proper.

Dated: February 24, 2010.

                                        GENOVESE JOBLOVE & BATTISTA, P.A.
Proposed Attorneys for Debtors-in-Possession
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:   /s/    Paul J. Battista
      Paul J. Battista, Esq.
      Florida Bar No. 884162
      pbattista@gjb-law.com

      Mariaelena Gayo-Guitian, Esq.
      Fla. Bar No. 0813818
      mguitian@gjb-law.com

      Heather L. Harmon, Esq.
      Florida Bar No. 013192
      hharmon@gjb-law.com

      Michael L. Schuster
      Florida Bar No. 57119
      mschuster@gjb-law.com