UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No. 9:10–bk–03846–ALP
Chapter 11

Fiddler's Creek, LLC
**et al – Jointly Administered**
8156 Fiddler's Creek Parkway
Naples, FL 34114

_____ Debtor* _____/

ORDER SCHEDULING HEARING ON DISCLOSURE STATEMENT,
ESTABLISHING DISCLOSURE STATEMENT HEARING PROCEDURES,
SETTING TIME TO FILE FEE APPLICATIONS, AND
ESTABLISHING ADMINISTRATIVE CLAIMS BAR DATE

THIS CASE came on without a hearing for consideration of scheduling various dates in connection with the disclosure statement ("**Disclosure Statement**") and plan of reorganization ("**Plan**") which have been filed by the Debtor. Accordingly, it is

**ORDERED:**

1.    Disclosure Statement Hearing. The Court will conduct a hearing ("**Disclosure Statement Hearing**") on January 27, 2011 at 3:00 pm in Tampa, FL – Courtroom 9B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue to consider the adequacy of the Disclosure Statement, and to consider any other matter that may properly come before the Court at that time. The Disclosure Statement Hearing may be adjourned from time to time by announcement made in open court without further notice. If the Disclosure Statement is not approved, the Court will also consider dismissal or conversion of the case at the Disclosure Statement Hearing.

2.    Availability of Disclosure Statement and Plan. Counsel for the Debtor shall provide, without charge, copies of the Disclosure Statement and Plan to any party in interest who makes such a request. In addition, the Disclosure Statement and Plan are available for inspection at the office of the clerk of this Court during the clerk's regular business hours.

3.    Objections to Disclosure Statement. Any party having an objection to the Disclosure Statement shall file and serve the objection no later than seven (7) days before the Disclosure Statement Hearing. The objection shall be served on the Debtor, counsel for the Debtor, and the persons described in paragraph 7(a) below. The Court will not consider untimely objections if such delay prejudices the Debtor or other interested parties or the progress of confirmation in this case.

4.    Amendments to Disclosure Statement to Overcome Objections. The Debtor may amend its Disclosure Statement prior to the Disclosure Statement Hearing to cure, meet, or otherwise overcome any objections filed in accordance with paragraph 3 above. Any such amendments shall be filed at the Disclosure Statement Hearing in open court, but shall be served before the Disclosure Statement Hearing on the objecting parties, the Trustee (if any), counsel for each official committee (if any), and the United States Trustee. An amended Disclosure Statement shall be prepared and filed in its entirety with the amendments incorporated in it; a mere amendment to, or supplement to, the Disclosure Statement is insufficient for this purpose.

The Court encourages objections to be resolved in this manner so the amended Disclosure Statement can be approved at the Disclosure Statement Hearing. If the Debtor fails to resolve objections in this manner, and if objections are sustained and the Disclosure Statement is therefore disapproved at the Disclosure Statement Hearing, the Court will consider the resulting delay with all other relevant factors in deciding whether the case should be dismissed or converted.

5.     Fee Applications by Professionals. The following procedures shall apply to fee applications by professionals seeking compensation in this case:

(a)     Each attorney, accountant, appraiser, and other professional whose employment the Court has approved and who seeks compensation pursuant to section 330 of the Bankruptcy Code shall file and serve its final fee application no later than the date fourteen (14) days after the date of the entry by the Court of an order approving the Disclosure Statement. Each applicant shall serve a copy of its application on the Debtor, counsel for the Debtor, the Trustee (if any), counsel for each official committee (if any), and the United States Trustee.

(b)     The application shall include the total amount sought to be approved for each applicant, not just the amounts remaining to be paid to each applicant after crediting prepetition retainers, interim fee awards, and the like. All applications shall include estimates of fees and costs to be incurred for services rendered and costs advanced after those contained in the final applications but anticipated by the applicants to be rendered and incurred through the time of hearing the fee applications.

(c)     Each applicant shall also file and serve a supplemental fee application no later than the time at which the Court will hear fee applications. The supplemental fee application shall contain the actual fees for services rendered and costs advanced that were estimated in the final fee application.

6.     Administrative Claims Bar Date.

(a)     All creditors and parties in interest that assert a claim against the Debtor, which claim arose or is deemed to have arisen after the date this Chapter 11 case was filed, shall file with the Clerk a motion for allowance of administrative claim no later than the date forty (40) days after the date of the entry of this order ("**Administrative Claims Bar Date**"). At the same time, each claimant shall serve a copy of its application on the Debtor, counsel for the Debtor, the Trustee (if any), counsel for each official committee (if any), and the United States Trustee.

(b)     The Administrative Claims Bar Date shall not apply to applications for compensation of professionals which shall be governed by the provisions of paragraph 5 above. It shall also not apply to administrative claims that arose or are deemed to have arisen on or after the Administrative Claims Bar Date.

(c)     All applications for administrative claims that are timely filed will be heard at the hearing to consider confirmation that will be noticed later.

7.     Service of this Order. No later than seven (7) days after the date of entry of this Order, the Debtor, through its counsel, shall serve by mail:

(a)     a copy of this Order, the proposed Disclosure Statement, and the Plan upon the Trustee (if any), the Internal Revenue Service, Attn: Special Procedures (at 400 West Bay Street, Suite 35045, Stop 5720, Jacksonville, Florida 32202 or at P.O. Box 17167, Stop 5760, Ft. Lauderdale, Florida 33318, as appropriate to the county of the Debtors' business or place of business as listed on the petition), the Securities and Exchange Commission (Branch of Reorganization, at 3475 Lenox Road NE, Suite 1000, Atlanta, Georgia 30326–1232), and those persons and entities appearing on the Local Rule 1007–2 Parties in Interest List. The Debtor shall then promptly file a certificate of such service. For this purpose, counsel shall obtain from the Clerk or from the Court's electronic filing system and use a current mailing matrix; and,

(b)     a copy of this Order on all creditors and parties in interest and on all professionals who have been employed by the Debtor or any official committee with the approval of the Court. The Debtor shall then promptly file a certificate of such service. For this purpose, counsel shall obtain from the Clerk or from the Court's electronic filing system and use a current mailing matrix.

Failure of the Debtor to serve this Order and file proof of such service shall be grounds for dismissal or conversion.

<u>Appropriate Attire.</u> You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

<u>Avoid delays at Courthouse security checkpoints.</u> You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on December 21, 2010 .

_____
K. Rodney May
United States Bankruptcy Judge

Copies of this Order shall be served on all creditors and the Local Rule 1007−2 Parties in Interest List, and proof of such service, accompanied by a current service matrix, shall be filed in accordance with Local Rule 7005−1 by counsel for Debtor within seven (7) days from the date of entry of this order. Failure of the Debtor to comply with this requirement shall be grounds for dismissal or conversion.

*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.