**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **FIDDLER'S CREEK, LLC** | **Case No. 9:10-bk-03846-ALP** |
| 951 LAND HOLDINGS, LLC | Case No. 9:10-bk-03852-ALP |
| DY ASSOCIATES, LLC | Case No. 9:10-bk-03856-ALP |
| GBFC DEVELOPMENT, LLC | Case No. 9:10-bk-03864-ALP |
| FC MARINA, LLC | Case No. 9:10-bk-03872-ALP |
| FC BEACH, LLC | Case No. 9:10-bk-03873-ALP |
| FC GOLF, LLC | Case No. 9:10-bk-03875-ALP |
| DY LAND HOLDINGS II, LLC | Case No. 9:10-bk-03878-ALP |
| FC PARCEL 73, LLC | Case No. 9:10-bk-03881-ALP |
| FC COMMERCIAL, LLC | Case No. 9:10-bk-03888-ALP |
| FC HOTEL, LLC | Case No. 9:10-bk-03886-ALP |
| FC RESORT, LLC | Case No. 9:10-bk-03896-ALP |
| GULF BAY HOSPITALITY COMPANY, LLC | Case No. 9:10-bk-03898-ALP |
| GULF BAY HOTEL COMPANY, LLC | Case No. 9:10-bk-03905-ALP |
| GBP DEVELOPMENT, LLC | Case No. 9:10-bk-03908-ALP |
| GB PENINSULA, LTD. | Case No. 9:10-bk-03909-ALP |
| 951 LAND HOLDINGS, LTD. | Case No. 9:10-bk-03911-ALP |
| DY LAND ASSOCIATES, LTD. | Case No. 9:10-bk-03918-ALP |
| GBFC DEVELOPMENT, LTD. | Case No. 9:10-bk-03920-ALP |
| GBFC MARINA, LTD. | Case No. 9:10-bk-03928-ALP |
| FC BEACH, LTD. | Case No. 9:10-bk-03934-ALP |
| FC GOLF, LTD. | Case No. 9:10-bk-03937-ALP |
| FC HOTEL, LTD. | Case No. 9:10-bk-03938-ALP |
| FC RESORT, LTD. | Case No. 9:10-bk-03947-ALP |
| GULF BAY HOSPITALITY, LTD. | Case No. 9:10-bk-03949-ALP |
| GULF BAY HOTEL COMPANY, LTD. | Case No. 9:10-bk-03950-ALP |
| GBP DEVELOPMENT, LTD. | Case No. 9:10-bk-03952-ALP |
| FIDDLER'S CREEK MANAGEMENT, INC. | Case No. 9:10-bk-03954-ALP |
| **Debtors.** | **(Jointly Administered under Case No. 9:10-bk-03846-ALP)** |

_______________________________/

**DEBTORS' SECOND MOTION FOR AN ORDER, PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE, EXTENDING THE EXCLUSIVE PERIOD DURING WHICH ONLY THE DEBTORS MAY SOLICIT ACCEPTANCES OF THE CHAPTER 11 PLANS OF REORGANIZATION**

Fiddler's Creek, LLC ("Fiddler's Creek) and its affiliated debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (collectively, the "Debtors") seek the entry of an order, extending the exclusive period during which only the Debtors may solicit acceptances of the Chapter 11 Plans of Reorganization, as amended. More specifically, the relief requested herein would extend the exclusive period to solicit acceptances of the Chapter 11 Plans of Reorganization, as amended, for an additional sixty (60) days from February 3, 2011 through and including **April 4, 2011**. In support of this motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code").

## General Background

### A. The Chapter 11 Filing.

1. On February 23, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 8, 2010, the Court entered an Order Granting Debtor's Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases and jointly administering the cases under Case No. 9:10-bk-03846-ALP as the designated lead case.

3. No trustee or examiner has been appointed.

4. On March 9, 2010, the Office of the United States Trustee's Office filed a Notice of Appointment of Homeowners' Committee [D.E. #72].

5. On April 12, 2010, the Office of the United States Trustee's Office filed an Amended Notice of Appointment of Homeowners' Committee and Notice of Change of Designation From Homeowners' Committee to Official Unsecured Creditors' Committee [D.E. #132].

**B. The Current Exclusive Periods and the Requested Extension.**

6. The Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code on February 23, 2010 (the "Petition Date"). The Exclusive Periods, pursuant to the initial 120-day and 180-day periods, were June 23, 2010 and August 23, 2010, respectively.

7. On June 21, 2010, the Debtors' filed the Motion for an Order, Pursuant to Section 1121 (D) of the Bankruptcy Code, Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof (the "First Motion to Extend Exclusivity") [D.E. #273].

8. On October 5, 2010, the Court entered the Order Granting Debtors' Motion for an Order, Pursuant to Section 1121 (D) of the Bankruptcy Code, Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof (the "First Order to Extend Exclusivity") [D.E. #411]. Pursuant to the First Order to Extend Exclusivity, the Exclusive Periods were extended to <u>December 3, 2011</u> and <u>February 3, 2011</u> respectively.

**<u>Relief Requested</u>**

9. By this motion, the Debtors respectfully request that this Court, pursuant to section 1121(d) of the Bankruptcy Code, extend the Exclusive Period during which only the Debtors may solicit acceptances of the Plans, as they may be amended (the "Solicitation Period") by an additional sixty (60) days through and including April 4, 2011, without prejudice to the Debtors' right to seek additional extensions of the Solicitation Period.

10. The Debtors reserve the right to request, by later motions, further extensions of the Solicitation Period pursuant to section 1121(d) of the Bankruptcy Code.

11. On December 3, 2010, the Debtors filed the following Chapter 11 Plans of Reorganization:

- Chapter 11 Plan of Reorganization for FC Beach, Ltd. And FC Beach, LLC [D.E. #504];
- Chapter 11 Plan of Reorganization for the Tarpon Club Debtors [D.E. #505];
- Chapter 11 Plan of Reorganization for GBFC Development, Ltd. And GBFC Development, LLC [D.E. #506];
- Chapter 11 Plan of Reorganization for GB Peninsula, Ltd. [D.E. #507];
- Chapter 11 Plan of Reorganization for Fiddler's Creek Management, Inc. [D.E. #508];
- Chapter 11 Plan of Reorganization for Fiddler's Creek, LLC [D.E. #509];
- Chapter 11 Plan of Reorganization for GBP Development, LLC [D.E. #510];
- Chapter 11 Plan of Reorganization for 951 Land Holdings, Ltd. And 951 Land Holdings, LLC [D.E. #511];
- Chapter 11 Plan of Reorganization for DY Land Associates, Ltd. and DY Land Associates, LLC [D.E. #512];
- Chapter 11 Plan of Reorganization for DY Land Holdings II, LLC, FC Commercial, LLC and FC Parcel 73, LLC [D.E. #513];
- Chapter 11 Plan of Reorganization for FC Golf, Ltd. and FC Golf, LLC [D.E. #514] (collectively the "Joint Plans of Reorganization").

12. Additionally, on December 4, 2010, the Debtors filed the Joint Consolidated Disclosure Statement for Plans of Reorganization of the Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Disclosure Statement") [D.E. #515].

13. On December 21, 2010, the Court entered the Order Scheduling Hearing on Disclosure Statement, Establishing Disclosure Statement Hearing Procedures, Setting Time to File Fee Applications, and Establishing Administrative Claims Bar Date [D.E. #571]. The hearing to consider approval of the Disclosure Statement is scheduled for January 27, 2011 at 3:00 p.m. (the "Disclosure Hearing").

14. At the Disclosure Hearing, the Court granted the Debtors' request for a continuance of the hearing so as to enable the Debtors to amend the Disclosure Statement in order to resolve and/or address the objections that were filed thereto. The Court set a further hearing on an amended Disclosure Statement for February 16, 2011. Assuming the Court approves the amended Disclosure Statement on or shortly after such date, then the Debtors will proceed to confirmation of their plans and solicitation of acceptances in connection therewith.

15. The Solicitation Period currently expires on February 3, 2011. The Debtors submit that the proposed 60-day extension of the Solicitation Period is justified and appropriate under the circumstances.

## <u>Authority for the Relief Requested</u>

### A. Legal Standard for Extending the Exclusive Periods.

27. Section 1121(c)(3) of the bankruptcy Code provides that if a debtor files a plan within this 120-day Plan Period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed. *See* § 1121(c)(3). Pursuant to section 1121(d) of the Bankruptcy Code, where the initial 120-day and

180-day Exclusive Periods provided for in the Bankruptcy Code prove to be insufficient time for proposal and solicitation of a plan, the Court may extend a debtor's Exclusive Periods for cause. *See id.* at § 1121(d).

28. Congress provides for exclusivity to afford a debtor a meaningful opportunity to develop and confirm a consensual plan of reorganization and reorganize under chapter 11. *See In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors"); H.R. REP. NO. 95-595, 92 Cong. 2d. Sess. 232, reprinted in 1978 U.S.C.C.A.N. 5787,6191.

29. In large and complex cases, courts often extend the Exclusive Periods to afford the debtor a meaningful opportunity to formulate a chapter 11 plan. *See In re Manville Forest Prods. Corp.*, 31 B.R. 991, 995 (S.D.N.Y. 1983) (holding that "sheer mass, weight, volume and complication of the [debtors'] filings undoubtedly justify a shakedown period."); *see also In re Perkins*, 71 B.R. 294, 298 (W.D. Tenn. 1987) (recognizing that the size and complexity of a case may constitute "cause" for extension of exclusive periods under section 1121(d) of the Bankruptcy Code).

30. In determining whether a debtor has had an adequate opportunity to develop, negotiate and propose a chapter 11 plan and, thus, whether there is "cause" for extension of the Debtors' exclusive periods, courts examine a number of factors. These factors include, without limitation:

(i) the size and complexity of the case;

(ii) the necessity of sufficient time to permit the debtor to negotiate a plan and prepare adequate information;

(iii) the existence of good faith progress toward reorganization;

(iv) the fact that the debtor is paying its bills as they become due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi) whether the debtor has made progress in negotiations with its creditors;

(vii) the amount of time which has elapsed in the case;

(viii) whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

(ix) whether an unresolved contingency exists.

*See, e.g., In re Sportsman's Link, Inc*. 2007 WL 7023830 (Bankr. S.D.Ga.2007) *citing Bunch v. Hoffinger Indus.* (*In re Hoffinger Indus.*), 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (S.D. Ga. 2005) (citing *In re Serv. Merch. Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) and *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

31. Not all of these factors are relevant in every case, and different courts have focused upon somewhat different factors to determine whether "cause" exists. *See, e.g., In reMcLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying five factors used by courts to determine whether cause exists to extend exclusivity); *In re Texaco Inc.*, 76 B.R. 322, 325-27 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend exclusivity based on the size and complexity of the case alone); *see also In re Hoffinger Indus.*, 292 B.R. at 644 (using four of the above factors to affirm the bankruptcy court's extension of the exclusivity period); *In re Express One Int'l*, 194 B.R. at 100 (noting that the court had previously granted two extensions based on the size and complexity of the case

alone); *In re Interco, Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (using four of the above factors to evaluate bondholders' request to terminate exclusivity).

**B. Cause Exists to Extend the Exclusive Periods.**

32. The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a chapter 11 plan. The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties. Here, the Debtors seek a further 60-day extension of the Solicitation Period. Application of the aforementioned standards to the facts of these chapter 11 cases demonstrates sufficient cause to grant the Debtors' requested extension of the Solicitation Period so that they may have a full and fair opportunity to prosecute the Proposed Plans in an expeditious and efficient manner.

**i. These Chapter 11 Cases are Large and Complex.**

33. The size and complexity of the Debtors' chapter 11 cases alone warrant this initial extension of the Exclusive Periods. *See In re Texaco, Inc.,* 76 B.R. at 326 (noting that the "size of the debtor and the consequent difficulty in formulating a plan of reorganization" are important factors which generally constitute "cause" for extending the exclusivity periods); *see also In re Express One Int'l,* 194 B.R. at 100 ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization.").

34. As noted above, these chapter 11 cases involve 28 debtors with 8 separate pre-petition secured creditors with outstanding mortgage debt in favor of the prepetition secured lenders totaling approximately $160 million. Moreover, multiple creditor constituencies have been formed and are actively involved in all aspects of the Debtors' restructuring, which has

required the Debtors and their advisors to devote considerable time and attention to discussions and preparation of requested information.

35. The size and complexity of the Debtors' businesses, corporate structure, employee relationships, homeowner relationships, vendor relationships and financing arrangements, particularly when coupled with the adverse market conditions facing the homebuilding industry, have placed a heavy burden on the Debtors' management and advisors since the Petition Date. The Debtors' employees and professionals have expended significant efforts to, among other things, stabilize business operations after the Petition Date, address a multitude of creditor, vendor and homeowner inquiries and requests for information and gather information necessary to compile the Schedules of Assets and Liabilities and Statements of Financial Affairs.

36. Recognizing the sheer magnitude of work facing large debtor enterprises, courts in this district and others frequently grant an extension of exclusivity based upon the size and complexity of a Chapter 11 case. *See, e.g., Taylor, Bean & Whitaker Mortgage Corp.,* Case No. 3:09-bk-07047-JAF (M.D.Fla. Aug. 24 2009); *Winn-Dixie Stores, Inc.*, Case No. 3:05-bk-03817-JAF (M.D.Fla. Feb. 21, 2005); *In re Tousa Inc.*, Case No. 08-10928 (Bankr. S.D. Fla. Jan. 29, 2008); *In re Fontainebleau Las Vegas Holdings LLC*, Case No. 09-21481 (Bankr. S.D. Fla. Jun. 9, 2009); In re Homestead Partners, 187 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (recognizing the presence of complex legal issues as one of the bases for cause pursuant to section 1121(d)).

37. For these reasons, the Debtors submit that the first identified factor for considering exclusivity extensions is abundantly present here and weighs substantially in favor of granting the requested first extension.

**ii. The Debtors Need More Time to Amend the Plans to incorporate agreements reached with various creditor constituencies and Prepare Adequate Disclosures, They Are Progressing in Good Faith Towards**

**Reorganization and They Have Demonstrated Reasonable Prospects for Filing Viable Amended Plans.**

38. Exclusivity also provides a debtor with a full and fair opportunity to rehabilitate its business and negotiate, develop, propose and, ultimately, confirm and consummate a chapter 11 plan. As of the date of this Motion, little more than eleven months have passed since the Petition Date and the Debtors believe they have made significant progress towards achieving this goal.

39. Specifically, the Debtors have been working diligently with the various creditor constituencies, including the Official Committee of Unsecured Creditors, the Ad Hoc Homeowners Committee and Golf Club Steering Committee to reach consensus on the terms of the proposed Plans and amendments thereto. The Debtors have in fact recently reached agreement with such constituencies for a consensual plan. The Debtors have also reached agreement on the consensual treatment of the claims of Regions Bank, M.A. and Fifth Third Bank. The Debtors also expect to reach agreement with certain other parties in these cases. As a result, the Debtors will need additional time to amend the Disclosure Statement and Plans to incorporate the agreements reached with the various creditor constituencies and solicit acceptances of the amended Plans. For these reasons, an extension of the Solicitation Period is necessary and warranted.

**iii. The Debtors are paying their operating expenses as they become due.**

41. In the ordinary course of business, the Debtors have been paying their undisputed post-petition bills as they become due. Moreover, the significant liquidity generated by the Debtors' better-than-projected sales performance and approval of the Fifth Interim Order dated December 28, 2010 [D.E. #576], which authorizes the Debtors to borrow under the DIP Facility a maximum of $7,300,441 when combined with the borrowings authorized by the Court pursuant

to the prior interim DIP Orders provides comfort that the Debtors will continue to be able to meet post-petition obligations as they come due through confirmation. Thus, the requested further extension of time will not jeopardize the rights of creditors and other parties who do business with the Debtors during these chapter 11 cases.

**iv. Very Little Time Has Elapsed in these Cases to Date.**

42. This request for an extension of the Solicitation Period is the Debtors' second and comes just over eleven months after the Petition Date. As discussed above, during these eleven months, the Debtors accomplished a great deal, but as would be expected given the scope of what must be accomplished there is still more to be done. The Debtors anticipate that, with the requested extension of the Solicitation Period they will be able to continue their strong track record of progress and move substantially forward toward the successful confirmation of the Plans as amended.

## Notice

43. This Motion and all attachments hereto shall be served via CM/ECF and/or E-Mail upon: (i) all parties listed on the Master Service List maintained by the Debtors, to the extent such party is registered to receive Notices of Electronic Filings via CM/ECF and/or the Debtors have an E-Mail address on file for such party; the Office of the United States Trustee for the Middle District of Florida; (b) counsel to the Creditors' Committee (ii) counsel for the Indenture Trustee for each of the Debtors' outstanding bond issuances; all parties upon whom service is required pursuant to Rule 4001(c)(1)(C), to the extent not listed on the Master Service List; (iii) all parties who have filed Notices of Appearance and who is registered to receive Notices of Electronic Filings via CM/ECF; (iv) each Prepetition Secured Lender, and (v) any other party which the Court directs. In light of the nature of the relief requested, the Debtors

respectfully submit that no further notice is necessary.

44 Since the above referenced chapter 11 cases are being jointly administered, administrative and judicial convenience will be enhanced by keeping all 28 cases on a concurrent timetable. The Debtors therefore propose and request that the Solicitation Period be extended for all 28 chapter 11 cases.

**WHEREFORE**, the Debtors request entry of an order (a) extending the period set forth in section 1121(c)(3) of the Bankruptcy Code during which only the Debtors may solicit votes to accept a chapter 11 plan from February 3, 2011, through and including April 4, 2011, in each case without prejudice to the Debtors' right to seek additional extensions of the Solicitation Period, and (b) granting such other and further relief as is just and proper.

Dated: January 31, 2011.

Respectfully Submitted,

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for Debtors-in-Possession
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By: /s/ *Mariaelena Gayo-Guitian*
Mariaelena Gayo-Guitian, Esq.
Fla. Bar No. 0813818
mguitian@gjb-law.com

Paul J. Battista, Esq.
Florida Bar No. 884162
pbattista@gjb-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system and via U.S. Mail upon all parties listed on the attached service list on January 31, 2011.

By: /s/ Mariaelena Gayo-Guitian
Mariaelena Gayo-Guitian, Esq.

**MASTER SERVICE LIST**
**FIDDLER'S CREEK, LLC., *et al.***
***Case No. 9:10-bk-03846***

**DEBTORS**
**FIDDLER'S CREEK, LLC, *et al***
Attn: Tony DiNardo
8156 Fiddler's Creek Pkwy
Naples, FL 34114

**SECURED LENDERS**
**Regions Bank**
Attn: Gloria Sloop
1900 5th Ave N, 12th FL
Birmingham , AL 35203

**Regions Bank**
4851 N Tamiami Trail
Naples, FL 34103

**Regions Bank**
Raymond Miller, Esq.
Gunster Yoakley
2 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-1897

**Tomen America, Inc.**
Stuart A. Krause, Esq.
Zeichner Ellman & Krause
575 Lexington Ave
New York, NY 10022

**Tomen America, Inc.**
805 Third Avenue
New York, NY 10022

**IberiaBank**
2150 Goodlette Rd.
Naples, FL 34102

**Textron Financial Corporation**
c/o Mark Bloom, Esq.
Greenberg Traurig
1221 Brickell Ave
Miami, FL 33131

**Fifth Third Bank**
c/o Brian Giles, Esq.
Statman, Harris & Eyrich, LLC
3700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202

**Fifth Third Bank**
999 Vanderbilt Beach Rd
Naples, FL 34108

**Fifth Third Bank**
c/o Mark J. Wolfson, Esq.
c/o Jennifer Hayes, Esq.
Foley & Lardner LLP
100 N. Tampa Street, Ste. 2700
Tampa, Florida 33602
Email: mwolfson@foley.com
jhayes@foley.com

**Mellon United, N.A.**
Commercial Loan Division
1111 Brickell Ave, 30th Floor
Miami, FL 33131

**Florida Financial Investments, Inc.**
8156 Fiddler's Creek Pkwy
Naples, FL 34114

**Florida Financial Investments, Inc.**
c/o Donald Kirk, Esq.
501 E. Kennedy Boulevard
Suite 1700
Tampa, Florida 33602

**DEBTOR-IN-POSSESSION LENDER**
**Gulf Bay Capital, Inc.**
c/o Stephen R. Leslie, Esq.
110 East Madison Street
Suite 200
Tampa, Florida 33602-4700

**MASTER SERVICE LIST**
**FIDDLER'S CREEK, LLC., *et al.***
***Case No. 9:10-bk-03846***

**CONSOLIDATED TOP 20 UNSECURED CREDITORS**

**Aon Risk Services Inc Of NY**
Po Box 7247-7376
Philadelphia, PA
19170-7376

**Ash City USA**
PMB 816 60 Industrial Pkwy
Buffalo, NY 14227

**Avalon Risk Inc.**
240 Cedar Knolls Rd
Suite 308
Cedar Knolls, NJ 07927

**Bellagio Village Association**
5067 Tamiami Trail East
Naples, FL 34113

**Carriage Limousine LLC**
678 Bald Eagle Dr Ste #4
Marco Island, FL 34115

**Century Link**
Po Box 96064
Charlotte, NC 28296-0064

**Colonnade Properties, LLC**
c/o Chris Glinski
380 Lexington Ave., Suite 710
New York, NY 10168

**Cranberry Crossing**
5067 Tamiami Trail East
Naples, FL 34114

**Evans Oil Company**
3170 S Horseshoe Dr
Po Box 856
Naples, FL 34106

**FBS Property Tax Abatement LLC**
200 S Biscayne Boulevard
Suite 2300
Miami, FL 33131

**Grand Western Brands Inc.**
Po Box 21046
Ft Lauderdale, FL 33335-1046

**Guymann Construction Of FL**
305 Sw 3rd St
Cape Coral, FL 33991-1961

**Jenner & Block LLP**
330 N Wabash Avenue
Chicago, IL 60611

**John Deere Landscapes**
Po Box 24110
Chicago, IL 60624

**Lee County Port Authority**
11000 Term. Access Rd
#8671
Ft Myers, FL 33913-8899

**Sysco West Coast FL**
Po Box 1839
Palmetto, FL 34220

**Tampa Bay Trane**
902 N Himes
Tampa, FL 33609

**Textron Business Services Inc**
Dept At 40219
Atlanta, GA 31192-0219

**The Advocacy Group At Tew Cardenas LLC**
215 South Monroe St Ste
702
Tallahassee, FL 32301

**Titleist/ Acushnet Company**
Po Box 532402
Charlotte, NC 28290-2402

**United Capital Funding Corp.**
Po Box 31246
Tampa, FL 33631-3246

**MASTER SERVICE LIST**
**FIDDLER'S CREEK, LLC., *et al.***
***Case No. 9:10-bk-03846***

**GOVERNMENTAL ENTITIES**

**Collier County Tax Collector**
2800 N. Horseshoe Drive
Naples, FL 34104

**The City of Naples**
City Attorney
735 Eighth Street South, 2nd Floor
Naples, FL 34102

**Internal Revenue Service**
PO Box 21126
Philadelphia, PA 19114

**Internal Revenue Service**
**Special Procedures – Insolvency**
7850 SW 6th Court
Plantation, FL 33324

**Special Asst. U.S. Attorney**
2110 First Street, Suite 3-137
Ft Myers, FL 33901

**The Honorable Eric H. Holden, Jr.**
**Attorney General of the U.S.**
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001

**State of Florida**
**Department of Revenue**
c/o Frederick F. Rudzik
PO Box 6668
Tallahassee, FL 32314

**Securities and Exchange Commission**
**Branch of Reorganization**
3475 Lenox Road, N.E., #1000
Atlanta, GA 30326-1232

Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 E. Polk Street, Suite 1200
Tampa, Florida 33602
steven.wilkes@usdoj.gov

**NOTICE OF APPEARANCES**

Robert A. Soreano
E-mail: soriano@gtlaw.com
Greenberg Traurig, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602

Mark David Bloom
E-mail: bloomm@gtlaw.com
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131

Aaron P. Honaker
E-mail: honakera@gtlaw.com
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131

Jeffrey Gilbert
E-mail: gilbergj@gtlaw.com
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Andrew L. Much (Georgia Bar No. 527875)
E-mail: amuch@textronfinancial.com
Textron Financial Corporation
11575 Great Oaks Way, Suite 210
Alpharetta, GA 30022

Stephen R. Leslie, Esq
Stichter, Riedel, Blain & Prosser, P.A.
Attorneys for Gulf Bay Capital, Inc.
110 Madison Street - Suite 200
Tampa, Florida 33602
Email: sleslie@srbp.com

Mark D. Hildreth, Esquire
Attorney for Iberia Bank
Shumaker, Loop & Kendrick, LLP
PO Box 49948
Sarasota, FL 34230-6948

**MASTER SERVICE LIST**
**FIDDLER'S CREEK, LLC., *et al.***
***Case No. 9:10-bk-03846***

Fortney Gross, Esq.
Counsel for Regions Bank
Gunster, Yoakley& Stewart, P.A.
777 South Flagler Drive, Suite 500E
West Palm Beach, FL 33401
Email: lgross@gunster.com

David M. Landis, Esq.
Jon E. Kane, Esq.
Counsel for Tomen America, Inc
Mateer & Harbert, P.A. &
225 E. Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Email: dlandis@mateerharbert.com
Email jkane@mateerharbert.com

Patricia A. Redmond, Esq.
predmond@stearnsweaver.com
Counsel for Aubrey Ferrao
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130

Glenn S. Vician, Esq.
8605 Broadway
Merrilville, Indiana 46410
Glennsvician2@bbbvonline.com

Robert A DeMarco
Counsel for CDD 1
Treiser, Collins & Vernon
3080 Tamiami Trail East
Naples, FL 34112
(239) 649-4900
rdemarco@swflalaw.com

Aleida Martinez Molina, Esq.
Attorney for CDD1
2525 Ponce de Leon Boulevard
Suite 700
Coral Gables, FL 33134
amartinez@wsh-law.com

John B. Hutton, Esq.
Counsel for US Bank National Asoc.
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, FL 33131
huttonj@gtlaw.com

Warren S. Bloom, Esq.
Amy E. Lowen, Esq.
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
bloomw@gtlaw.com
lowena@gtlaw.com

Diane L. Jensen, Esq.
Local Counsel for Regions Bank
Pavese Law Firm
Post Office Drawer 1507
Ft. Myers, FL 33902

Jules S. Cohen, Esq.
Counsel for Colonnade Naples Land LLC
Akerman Senterfitt
POB 231
420 S. Orange Ave.
Suite 1200
Orlando, FL 32802-0231
jules.cohen@akerman.com

Edmund Whitson, Esq.
Counsel for Colonnade Naples Land LLC
Akerman Senterfitt
SunTrust Financial Center
401 E. Jackson St.
Suite 1700
Tampa, FL 33602-5250
Edmund.whitson@akerman.com
Robert E. Stochel, Esq.
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, IN 46307
res@reslaw.org

**MASTER SERVICE LIST**
**FIDDLER'S CREEK, LLC., *et al.***
***Case No. 9:10-bk-03846***

Glenn S. Vician, Esq.
Bowman Heintz Boscia & Vician, P.A.
8605 Broadway
Merrillville, IN 46410
glennsvician2@bhbvonline.com

Eric John Vasquez, Esq.
Suite 201
900-6th Ave S
Naples, FL 34102
evasquez@ejvlawoffice.com

Glenn & Dawn Vician
467 Scarborough Rd.
Valparaiso, IN 46385

Glenn & Dawn Vician
9225 Museo Cir.
Unit 201
Naples, FL 34114-9522

Stephen & Shelia Shulman
5807 Fox Hollow Court
Ann Arbor, MI 48105

Stephen & Shelia Shulman
8589 Bellagio Dr.
Naples, FL 34114

Matthew & Christine Suffoletto
205 Whetherburn Dr
Wexford, PA 15090-8869

Matthew & Christine Suffoletto
189 Richmond Ct
Marco Island, FL 34145

Steven & Ellen Taub
POB 18547
Tampa, FL 33679-8547

Steven & Ellen Taub
107 Wisteria Lane
Media, PA 19063-1668

Steven & Ellen Taub
9283 Menaggio Ct
Naples, Florida 34114

Raymond & Carole David
8579 Bellagio Drive
Naples, FL 34114

Amanda L. Barton, Esq.
Counsel for the ITG Tax Free Income &
Capital Appreciation Fund, LTD.
13490 Old Livingston Road
Naples, Florida 34109
abarton@itgholdings.com

Christopher Kasten, Esq.
Bush Ross
P.O. Box 3913
Tampa, FL 33601-3913
ckasten@bushross.com

Thomas M. Messana, Esq.
Attorneys for U.S. Bank National Assoc.
401 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
tmessana@mws-law.com

**AD HOC HOMEOWNERS' COMMITTEE**

Phillip Brougham
pbrougham@earthlink.net

Sandy Carinci
smcarinci@yahoo.com

Torben Christensen
flyfan@aol.com

Chairperson of the Homeowners Committee
is Phillip Brougham
pbrougham@earthlink.net

Al Love
alove41@comcast.net

Dave Yates
dyates3@comcast.net

**MASTER SERVICE LIST**
**FIDDLER'S CREEK, LLC., *et al.***
***Case No. 9:10-bk-03846***

Linda Altemus
altemus01@verizon.net
Jordi Guso, Esq.
Counsel for Ad Hoc Homeowners
Committee
200 South Biscayne Boulevard
Suite 1000
Miami, FL 33131
E-mail: JGuso@bergersingerman.com

David S. Jennis, Esq.
Jennis & Bowen, P.L.
400 N. Ashley Dr
Ste 2540
Tampa, FL 33602-4317
djennis@jennisbowen.com

Ricardo Alberto Reyes, Esq.
Tobin & Reyes, P.A.
5355 Town Center Rd.
Boca Raton, Floria 33486-1005
rar@tobinreyes.com

William Grady Morris, Esq.
P.O. Box 2056
Marco Island, Florida 34146-2056
wgmorrislaw@embarqmail.com