UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


In re:                                                Chapter 11

FIDDLER'S CREEK, LLC, et al,                          (Jointly Administered under
                                                      Case No. 9:10-bk-003846-ALP)

                         Debtors.
_____/

**OBJECTION TO CONFIRMATION OF DEBTORS' SECOND
AMENDED PLANS AND ANY MODIFICATIONS THERETO BY
MUNIMAE TEI HOLDINGS, LLC, MMA FINANCIAL CDD
SPONSOR, LLC AND MMA FINANCIAL HOLDINGS, INC.**

        MuniMae TEI Holdings, LLC, MMA Financial CDD Sponsor, LLC and MMA

Financial Holdings, Inc. (collectively, "MuniMae"), by their undersigned counsel, hereby

object to the confirmation of the Debtors' Second Amended Plans and any Modifications

thereto, and respectfully state as follows:

        1.      MuniMae holds certain of the Community Development District Special

Assessment Revenue Bonds issued in connection with real estate developments of the

Debtors.

        2.      On or about March 7, 2011, MuniMae commenced an action in

Hillsborough County Circuit Court against various non-debtor affiliates – case no. 11-

CA-2965 (the "Affiliate Action").  The Debtors took the position that the Affiliate Action

was somehow stayed under 11 U.S.C. §362 by the Debtors' bankruptcy filings.

        3.      On or about March 22, 2011, MuniMae, in an abundance of caution,

removed the Affiliate Action to this Court and simultaneously filed a separate adversary

proceeding with this Court for declaratory relief to determine and resolve the automatic

stay issue (the "Dec Action"). These proceedings have been assigned adversary case nos. 11-295 and 11-293, respectively.

4.     MuniMae objects to the Debtors' Second Amended Plans because the Debtors have impermissibly provided for permanent injunctions releasing or discharging non-debtors from liability.  Article 12 of the Debtors' Plans provides for such improper relief.

5.     For example, Section "12.1 Discharge of Claims" is so broadly worded that it enjoins any parties from "asserting directly or *indirectly*" any claims against the Debtors, the Debtors' estates or the Reorganized Debtors.  The Debtors have already shown that they have a broad and expansive view of an "indirect" claim.  Section "12.2 Exculpation from Liability" is even more expansive as it seeks to exculpate the Debtors' "partners, members and managers, the Professionals . . . the Committee and its members . . . the Professionals for the Committee, the DIP Lender and the Exit Financing Lender ("Exculpated Parties)" from everything except for acts of "fraud or willful misconduct or gross negligence".  Section "12.3 General Injunction" is drafted so broadly that it seeks to enjoin any party from "interfering with or in any manner whatsoever disturbing the rights and remedies" of the Debtors, and the Reorganized Debtors under the plans, plan documents and other related plan documents.

6.     The Debtors also attempt to effectuate the automatic dismissal of any lawsuits and the denial of any pending motions for relief from stay.

7.     Section 524(e) of the Bankruptcy Code explicitly states that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt[.]"  11 U.S.C. § 524(e).

8.     At least three Circuit Courts have concluded that permanent injunctions discharging non-debtors from liability are impermissible in reorganization plans.  *See Resorts Int 'I, Inc. v. Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. 1995) ("[t]his Court has repeatedly held, without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."); *Feld v. Zale Corp.* (*In re Zale Corp*), 62 F.3d 746, 760 (5th Cir. 1995) (permanent injunctions discharging a potential debt of a nondebtor are not allowed by bankruptcy code); *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601-602 (10th Cir. 1990), *modified sub nom., Abel v. West*, 932 F.2d 898 (10th Cir. 1991) (holding that the automatic stay "may not be extended post-confirmation in the form of a permanent injunction that effectively relieves the nondebtor from its own liability to the creditor.").

9.     Non-debtor injunctions or releases have only been permitted in <u>rare</u> circumstances and <u>only</u> when certain factors are present. *In re Transit Group, Inc.,* 286 B.R. 811, 817-18 (Bankr. M.D. Fla. 2002)(Judge Jennemann in this District stated that "allowing non-debtor releases is the exception, not the norm" and summarized some of the types of unusual circumstances necessary to justify granting non-debtor releases including tort cases where large funds are established to pay claims, or when large settlement sums are paid to obtain these releases).  The Eleventh Circuit has not directly addressed third party non-debtor releases or permanent injunctions in the context of a reorganization plan under Chapter 11.

10.     The court in *Transit Group* adopted a seven factor test to determine if the non-debtor release is "fair and necessary."  Those factors are:

> "(1) Whether the debtor and the third party share an identity of
> interest, usually an indemnity relationship, such that a suit

against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate; (2) Whether the non-debtor has contributed substantial assets to the reorganization; (3) Whether the injunction is essential to reorganization, namely, the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor; (4) Whether the impacted class, or classes, has overwhelmingly voted to accept the plan; (5) Whether the plan provides a mechanism to pay for all, or substantially all, of the class, or classes, affected by the injunction; (6) Whether the plan provides an opportunity for those claimants who choose not to settle to recover in full, and; (7) Whether the bankruptcy court made a record of specific factual findings that support its conclusions."

*In re Transit Group, Inc.*, 286 B.R. at 817; *citing In re Dow Corning Corp.*, 280 F.3d 648 (6th Cir.2002); *In re Continental Airlines*, 203 F.3d 203 (3rd Cir.2000); *In re Specialty Equip. Co., Inc.*, 3 F.3d 1043 (7th Cir.1993); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2nd Cir.1992); *In re A.H. Robins Co., Inc.*, 880 F.2d 694 (4th Cir.1989).

11. In reviewing the case law on this issue, Judge Jennemann in *Transit Group* held that, "in order for a debtor to confirm a plan of reorganization containing a non-debtor release, the debtor ***must demonstrate that unusual circumstances exist***, and that the non-debtor release is ***fair and necessary***, utilizing those factors listed above." *Id.* at 817-18 (*emphasis added*). *See also In re GunnAllen Financial, Inc.*, 443 B.R. 908, 916 (Bankr. M.D. Fla. 2011)(settlement bar order must be "fair and equitable").

12. The Debtors simply cannot show that the there are unusual circumstances present here nor can they show that Article 12 of the plans is fair, necessary or equitable. Just saying that "[T]his general injunction provision is an integral part of the Plan and is essential to its implementation", does not make the statement magically true. *See* Plans, Section 12.3.

13. The only thing unusual in this case is the aggressiveness of the Debtors in threatened dissenting parties-in-interest with stay violations for prosecuting their rights

against non-debtor affiliates. There is a serious question of whether the Debtors (and their special counsel who also represents many non-debtor affiliates) have acted in good faith in taking extraordinary action throughout this case to protect non-debtor affiliates must be brought into question. *See* 11 U.S.C §1129(a)(3).

14.     The non-debtor parties are not contributing any meaningful consideration under the plans or otherwise. *See GunnAllen Financial* at 917 (contribution from non-debtor party is key consideration). The Debtors simply cannot demonstrate that third party release or injunctive relief in favor of the non-debtor affiliates is necessary or appropriate. There is no legal justification for prohibiting MuniMae from asserting its legal rights against non-debtors – particularly where MuniMae has expressly advised the Debtors that it is not seeking a claim against any of the Debtors and is not seeking any preclusive effect against any of the Debtors in connection with the Affiliate Action.

15.     In any event, the Debtors are ineligible to obtain any such injunctive relief under their Plans for failure to comply with the mandatory language of Fed. R. Bankr. P. 3016(c). Neither the plans nor the disclosure statement describe "in specific and conspicuous language" all acts to be enjoined or "identify the entities" that would be subject to any such injunction. Accordingly, injunctive relief against MuniMae would violate Rule 3016(c), and therefore, the plans do not satisfy Section 1129(a)(1) and (2) of the Bankruptcy Code.

WHEREFORE, MuniMae requests that the Court deny confirmation of the Debtors' Plans, and for any such further relief as the court deems just and proper.

*/s/* Michael C. Markham
Michael C. Markham, FBN 0768560
Darryl R. Richards, FBN 0348929
Angelina E. Lim, FBN 0158313
Johnson, Pope, Bokor, Ruppel & Burns, LLP
P.O. Box 1368
Clearwater, FL 33757
(727) 461-1818
(727) 443-6548
Attorneys for MuniMae

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served electronically upon all registered CM/ECF users in this case on May 12, 2011.

/s/ Michael C. Markham
Michael C. Markham

561711v1