# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmb.uscourts.gov

In re:                                                        Chapter 11

| | |
|---|---|
| **FIDDLER'S CREEK, LLC** | **Case No. 8:10-bk-03846-KRM** |
| 951 LAND HOLDINGS, LLC | Case No. 8:10-bk-03852-KRM |
| DY ASSOCIATES, LLC | Case No. 8:10-bk-03856-KRM |
| GBFC DEVELOPMENT, LLC | Case No. 8:10-bk-03864-KRM |
| FC MARINA, LLC | Case No. 8:10-bk-03872-KRM |
| FC BEACH, LLC | Case No. 8:10-bk-03873-KRM |
| FC GOLF, LLC | Case No. 8:10-bk-03875-KRM |
| DY LAND HOLDINGS II, LLC | Case No. 8:10-bk-03878-KRM |
| FC PARCEL 73, LLC | Case No. 8:10-bk-03881-KRM |
| FC COMMERCIAL, LLC | Case No. 8:10-bk-03886-KRM |
| FC HOTEL, LLC | Case No. 8:10-bk-03888-KRM |
| FC RESORT, LLC | Case No. 8:10-bk-03896-KRM |
| GULF BAY HOSPITALITY COMPANY, LLC | Case No. 8:10-bk-03898-KRM |
| GULF BAY HOTEL COMPANY, LLC | Case No. 8:10-bk-03905-KRM |
| GBP DEVELOPMENT, LLC | Case No. 8:10-bk-03908-KRM |
| GB PENINSULA, LTD. | Case No. 8:10-bk-03909-KRM |
| 951 LAND HOLDINGS, LTD. | Case No. 8:10-bk-03911-KRM |
| DY LAND ASSOCIATES, LTD. | Case No. 8:10-bk-03918-KRM |
| GBFC DEVELOPMENT, LTD. | Case No. 8:10-bk-03920-KRM |
| GBFC MARINA, LTD. | Case No. 8:10-bk-03928-KRM |
| FC BEACH, LTD. | Case No. 8:10-bk-03934-KRM |
| FC GOLF, LTD. | Case No. 8:10-bk-03937-KRM |
| FC HOTEL, LTD. | Case No. 8:10-bk-03938-KRM |
| FC RESORT, LTD. | Case No. 8:10-bk-03947-KRM |
| GULF BAY HOSPITALITY, LTD. | Case No. 8:10-bk-03949-KRM |
| GULF BAY HOTEL COMPANY, LTD. | Case No. 8:10-bk-03950-KRM |
| GBP DEVELOPMENT, LTD. | Case No. 8:10-bk-03952-KRM |
| FIDDLER'S CREEK MANAGEMENT, INC., | Case No. 8:10-bk-03954-KRM |

                                                        **(Jointly Administered under**
**Debtors.**                                        **Case No. 8:10-bk-03846-KRM)**

_____/


# DEBTORS' MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING ENTRY OF AN ORDER AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT BETWEEN GBFC DEVELOPMENT, LTD. AND JAY G. BROWNE AND MYRA E. BROWNE

Fiddler's Creek, LLC ("Fiddler's Creek") and twenty-seven (27) of its subsidiaries and affiliates (collectively, the "Debtors" or "Company"), by and through their undersigned counsel, request the entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizing and approving that certain settlement and compromise (the "Settlement Agreement") between the Debtor, GBFC Development, Ltd. ("GBFC") and Jay G. Browne and Myra E. Browne ("Browne"), substantially in the form annexed hereto as *Exhibit A* (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## I.    INTRODUCTION AND JURISDICTION

1.    By this Motion, the Debtors respectfully request the entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the Settlement Agreement between the GBFC and Browne. A copy of the Settlement Agreement is attached hereto as *Exhibit B*.

2.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## II.    BACKGROUND

### A.    The Chapter 11 Filing

4.    On February 23, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as Debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On March 8, 2010, the Court entered an Order Granting Debtors' Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases and jointly administering the cases under Case No. 9:10-bk-03846-ALP as the designated lead case.

6.      No trustee or examiner has been appointed.

7.      On March 9, 2010, the Office of the United States Trustee's Office filed a Notice of Appointment of Homeowners' Committee [D.E. #72].

8.      On April 12, 2010, the Office of the United States Trustee's Office filed an Amended Notice of Appointment of Homeowners' Committee and Notice of Change of Designation From Homeowners' Committee to Official Unsecured Creditors' Committee [D.E. #132].

**B.      Background and Business Operations**

9.      Each of the Debtors in these Chapter 11 cases owns, operates and or is otherwise affiliated with the premier, fully integrated, master planned residential community known as "Fiddler's Creek" in southwestern Florida. Fiddler's Creek is located in Collier County, Florida, approximately 12 miles southeast of the City of Naples and six miles north of Marco Island. The Fiddler's Creek development is comprised of nearly 4,000 zoned acres of prime land in Naples, Florida, and is planned for and capable of accommodating up to 6,000 residences upon projected build-out, which is estimated to be in 2020. Fiddler's Creek has been approved and vested by the State of Florida as a Development of Regional Impact.

10.      For further information on the Debtors' capital structure, business and operations, the Debtors refer to the Declaration of Anthony DiNardo in Support of Chapter 11 Petitions and First Day Motions [D.E. #29] ("First Day Declaration").

### III.      FACTS RELATING TO THE DISPUTE

11.     Prior to the Petition Date, on March 3, 2006, GBFC and Browne entered into a Purchase Contract for the purchase and sale of condominium Unit No. 201, Building 12, Phase 12 in Callista at Fiddler's Creek (the "Callista Unit") for a total purchase price of $900,000.00 (the "Callista Contract").   In connection therewith, Browne funded an amount equal to $270,000.00 in pre-petition good faith deposits under the Callista Contract, of which $45,000.00, plus interest is being held by Woodward, Pires & Lombardo, P.A. (the "Escrow Agent") (collectively, the "Deposit").

12.     Pursuant to the Callista Contract, closing was scheduled to occur within thirty (30) days from the issuance of the Certificate of Occupancy or Browne's execution of the Callista Contract, whichever is later.   Browne failed and refused to close on the Callista Unit on April 2, 2006 (the "Closing Date").

13.     On or about December 10, 2008, GBFC filed a lawsuit styled, *GBFC Development, Ltd. v. Jay G. Browne and Myra E. Browne,* in the Circuit Court of the 20th Judicial Circuit In and For Collier County Circuit, Florida, Case No. 008-9677-CA (the "State Court Lawsuit") seeking to enforce the Callista Contract by way of specific performance, or alternatively an award of damages.   Browne has filed a Counterclaim in the State Court Lawsuit against GBFC, and a Third Party Complaint against Woodward, Pires and Lombardo, P.A. and RLI Insurance Company for, among other things, Florida Condominium Law Violation; ILSA Rescission; Breach of Contract; Contingency Not Met; and Violation of Escrow Agreement (the "State Court Counterclaim").

14.     Since the filing of the State Court Lawsuit and State Court Counterclaim, the Debtors and Browne have been engaged in good faith settlement negotiations and recently

reached an agreement which resolves the issues raised in the State Court Lawsuit and State Court Counterclaim.

15.     Specifically, and while the Settlement Agreement is attached hereto, the salient terms of the Settlement Agreement are outlined as follows:

(a)     The Escrow Agent is instructed to release and disburse to Browne $55,000.00 (the "Settlement Payment") from the remaining deposits being held by the Escrow Agent with regard to the Callista Unit;

(b)     Except for the obligations under the Settlement Agreement, Browne and GBFC agree to release each other from any and all claims which were raised or could have been raised in the State Court Lawsuit and State Court Counterclaim or with respect to the Callista Contract, Callista Unit and Deposit;

(c)     Except for the obligations under the Settlement Agreement, Browne and GBFC hereby release each other from all rights, duties, obligations, and claims arising out of or relating to the Callista Contract, entered between GBFC and Browne relating to the Callista Unit.  The Callista Contract is hereby terminated;

(d)     The settlement is subject to and contingent upon the entry of an order of the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") approving this settlement;

(e)     The Settlement Payment is due within thirty (30) days from the date the Bankruptcy Court Order becomes final.  The Settlement Payment shall be made payable to the Garber Hooley & Holloway, LLP Trust Account, and delivered to the offices of Garber Hooley & Holloway, LLP.

16.     In order to avoid the costs and uncertainties of litigation, without any of the parties admitting any fault or liability, the GBFC and Browne desire to settle this matter amicably and without further litigation.  Accordingly, the Debtors respectfully request that the Court enter an Order approving the Settlement Agreement.

## IV.     RELIEF REQUESTED AND LEGAL AUTHORITY

**A.     Legal Standard.**

17.     Bankruptcy Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and hearing, a court may approve a proposed settlement of claim.  The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement when it is fair and equitable and in the best interests of the estate.  *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998).  There is a general policy that encourages settlements and favors compromises.  *In re Bicoastal Corp.,* 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); *see also Myers v. Martin (In re Martin),* 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).  Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce.  *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

18.     The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement.  *See, e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom., Cosoff v. Rodman*, 464 U.S. 822 (1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).  The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness.  *See W.T. Grant Co.*, 699 F.2d at 608.

19.     In *In re Justice Oaks, II, Ltd*., 898 F.2d 1544 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) the Eleventh Circuit established a four part test which provides guidance as to whether a compromise should be approved: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the

paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd*., 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990). *See also In re Martin,* 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc*., 211 B.R. 798 (D. Del. 1997).

**B.      The Proposed Settlement Should be Approved Because It Falls Within the Range of Reasonableness.**

20.      In the instant case, the Settlement Agreement is fair and equitable and falls well within the range of reasonable.  As a result of this Settlement Agreement the Debtors will be able to settle one of several state court actions pending in connection with the pre-petition payment of deposits by purchasers.  This settlement benefits the Debtor by resolving pending litigation and reducing any further litigation costs.  The settlement further allows the Debtors to re-sell the unit to a new buyer.  As such, the Debtors believe that the resolution of the disputes in the State Court Lawsuit in the manner set forth in the Settlement Agreement is reasonable and falls well above the lowest point on the range of reasonableness as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure and applicable law.

21.      Applying the foregoing to the Settlement Agreement, the Debtors respectfully submit that the proposed Settlement Agreement satisfies the four-part test set forth in *Justice Oaks*.

## V.      NOTICE

22.      This Motion and all attachments hereto shall be served via CM/ECF, E-Mail and/or U.S. Mail upon: (i) all parties listed on the Master Service List maintained by the Debtors, to the extent such party is registered to receive Notices of Electronic Filings via CM/ECF, E-Mail and/or U.S. Mail; (ii) all parties upon whom service is required pursuant to Rules 6004(c) and 6006, to the extent not listed on the Master Service List; (iii) all parties who have filed

Notices of Appearance pursuant to Local Rule 1007-2 and who is registered to receive Notices of Electronic Filings via CM/ECF; (iv) each Prepetition Secured Lender, and all parties asserting liens; and  (v) any other party which the Court directs.

**WHEREFORE**, the Debtors respectfully requests that the Court enter an Order (i) granting this Motion and approving the Settlement Agreement; (ii) authorizing and directing the Debtors to take any and all necessary actions to effectuate the terms of the Settlement Agreement; and (iii) granting such other and further relief as this Court deems just and proper. Dated this 16th day of June, 2011.

Respectfully Submitted,

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for Debtors'-in-Possession
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:  ___/s/*Mariaelena Gayo-Guitian*___
       Mariaelena Gayo-Guitian, Esq.
       Fla. Bar No.  0813818
       mguitian@gjb-law.com
       Paul J. Battista, Esq.
       Florida Bar No. 884162
       pbattista@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion was served via CM/ECF, and/or First Class postage-paid U.S. Mail to all parties on the attached service list this 16th day of June, 2011.

By:____/s/ Mariaelena Gayo-Guitian_____
    Mariaelena Gayo-Guitian

**SERVED VIA CM/ECF and/or**
**Electronic Mail**

Regions Bank
c/o Lara Fortney Gross, Esq.
c/o Raymond Miller, Esq.
Gunster Yoakley & Stewart, P.A.
2 South Biscayne Boulevard, Ste 3400
Miami, FL 33131-1897
rmiller@gunster.com
lgross@gunster.com

Fifth Third Bank
c/o Mark J. Wolfson, Esq.
c/o Jennifer Hayes, Esq.
Foley & Lardner LLP
100 N. Tampa Street, Ste. 2700
Tampa, Florida 33602
mwolfson@foley.com
jhayes@foley.com

Florida Financial Investments, Inc.
c/o Donald Kirk, Esq.
501 E. Kennedy Boulevard
Suite 1700
Tampa, Florida 33602
dkirk@fowlerwhite.com

Gulf Bay Capital, Inc.
c/o Stephen R. Leslie, Esq.
Stichter, Riedel, Blain & Prosser
110 East Madison Street
Suite 200
Tampa, Florida 33602-47
Sleslie.ecf@srbp.com

William J. Simonitsch, Esq.
K&L Gates
Wachovia Financial Center
200 S. Biscayne Blvd
Ste 3900
Miami, FL 33131
Bill.simonitsch@klgates.com

Aleida Martinez-Molina, Esq.
Weiss Serota Helfman
2525 Ponce de Leon Blvd.
Coral Gables, FL 33134
amartinez@wsh-law.com

Roberta A. Colton, Esq.
POB 1102
Tampa, FL 33601
racolton@trenam.com

Alberto F. Gomez, Jr., Esq.
Morse & Gomez, PA
119 S. Dakota Ave
Tampa, FL 33606
algomez@morsegomez.com

Hywel Leonard, Esq.
Carlton Fields, PA
POB 3239
Tampa, FL 33601
hleon@carltonfields.com

Ricardo Alberto Reyes, Esq.
Tobin & Reyes, P.A.
5355 Town Center Rd.
Boca Raton, Florida 33486-1005
rar@tobinreyes.com

William Grady Morris, Esq.
P.O. Box 2056
Marco Island, Florida 34146-2056
wgmorrislaw@embarqmail.com

Douglas Gonzales, Esq.
Weiss Serota Helfman
200 E. Broward Blvd.
Ste 1900
Fort Lauderdale, FL 33301
dgonzales@wsh-law.com

Phillip Brougham, Chairman of
Homeowners Committee
8587 Pepper Tree Way
Naples, FL 34114
pbrougham@earthlink.net

Raymond David
8579 Bellagio Drive
Naples, FL 34114
rdavid1@comcast.net

Glenn Vician
8605 Broadway
Merrillville, IN 46410
glennvician@gmail.com

Torben Christensen
9270 Campanile Circle # 204
Naples, FL 34114
flyfan@aol.com

Al Love, Committee Vice chairman
7685 Mulberry Lane
Naples, FL 34114
alove41@comcast.net

G. Weber Gaskin
9279 Menaggio Court., # 102
Naples, FL 34114
gwgaskin@comcast.com

Bob Baldocchi
7730n Mulberry Lane
Naples, FL 34114
Bobkat7730@comcast.net

Paul S. Singerman, Esq.
Jordi Guso, Esq.
Debi Evans Galler, Esq.
Counsel for Ad Hoc Homeowners
Committee
200 South Biscayne Boulevard
Suite 1000
Miami, FL 33131
JGuso@bergersingerman.com
dgaller@bergersingerman.com
singerman@bergersingerman.com

Amanda L. Barton, Esq.
Counsel for the ITG Tax Free Income &
Capital Appreciation Fund, LTD.
13490 Old Livingston Road
Naples, Florida 34109
abarton@itgholdings.com

Christopher Kasten, Esq.
Bush Ross
P.O. Box 3913
Tampa, FL 33601-3913
ckasten@bushross.com

Thomas M. Messana, Esq.
Scott A. Underwood, Esq.
Attorneys for U.S. Bank National Assoc.
401 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
tmessana@mws-law.com
sunderwood@mws-law.com

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
POB 3913
Tampa, FL 33601-3913
jwarren@bushross.com

J. Steven Wilkes
Office of the United States Trustee
501 E. Polk Street
Tampa, FL 33602
Steven.wilkes@usdoj.gov

W. Keith Fendrick, Esq.
Holland & Knight, LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602
keith.fendrick@hklaw.com

Edmund Whitson, Esq.
Counsel for Colonnade Naples Land LLC
Akerman Senterfitt
SunTrust Financial Center
401 E. Jackson St.
Suite 1700
Tampa, FL 33602-5250
Edmund.whitson@akerman.com

Robert E. Stochel, Esq.
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, IN 46307
res@reslaw.org

Eric John Vasquez, Esq.
Suite 201
900-6th Ave S
Naples, FL 34102
evasquez@ejvlawoffice.com

Laura Fortney Gross, Esq.
Counsel for Regions Bank
Gunster, Yoakley& Stewart, P.A.
777 South Flagler Drive, Suite 500E
West Palm Beach, FL 33401
lgross@gunster.com

David M. Landis, Esq.
Jon E. Kane, Esq.
Counsel for Tomen America, Inc
Mateer & Harbert, P.A. &
225 E. Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
dlandis@mateerharbert.com
jkane@mateerharbert.com

Patricia A. Redmond, Esq.
Counsel for Aubrey Ferrao
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
predmond@stearnsweaver.com

Glenn S. Vician, Esq.
8605 Broadway
Merrilville, Indiana 46410
Glennsvician2@bbbvonline.com

Robert A DeMarco, Esq.
Treiser, Collins & Vernon
3080 Tamiami Trail East
Naples, FL 34112
(239) 649-4900
rdemarco@swflalaw.com

John B. Hutton, Esq.
Counsel for US Bank National Asoc.
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, FL 33131
huttonj@gtlaw.com

Robert A. Soriano, Esq.
Greenberg Traurig, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
soriano@gtlaw.com

Mark David Bloom, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
bloomm@gtlaw.com

Aaron P. Honaker, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
honakera@gtlaw.com

Jeffrey Gilbert, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
gilbergj@gtlaw.com

Andrew L. Much, Esq.
Textron Financial Corporation
11575 Great Oaks Way, Suite 210
Alpharetta, GA 30022
amuch@textronfinancial.com

Stephen R. Leslie, Esq
Stichter, Riedel, Blain & Prosser, P.A.
Attorneys for Gulf Bay Capital, Inc.
110 Madison Street - Suite 200
Tampa, Florida 33602
sleslie@srbp.com

Mark D. Hildreth, Esq.
Attorney for Iberia Bank
Shumaker, Loop & Kendrick, LLP
PO Box 49948
Sarasota, FL 34230-6948
mhildreth@slk-law.com

Warren S. Bloom, Esq.
Amy E. Lowen, Esq.
Greenberg Traurig, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
bloomw@gtlaw.com
lowena@gtlaw.com

Trial Attorney
Office of the U.S. Trustee, Region 21
501 E. Polk Street, Suite 1200
Tampa, Florida 33602
steven.wilkes@usdoj.gov

**SERVED VIA FIRST CLASS U.S. MAIL**

Fiddler's Creek, LLC, *Et Al*
Attn: Tony DiNardo
8156 Fiddler's Creek Pkwy
Naples, FL 34114

Regions Bank
Attn:  Gloria Sloop
1900 5th Ave N, 12th Fl
Birmingham, AL 35203

Regions Bank
4851 N Tamiami Trail
Naples, FL 34103

Tomen America, Inc.
Stuart A. Krause, Esq.
Zeichner Ellman & Krause
575 Lexington Ave
New York, NY 10022

Tomen America, Inc.
805 Third Avenue
New York, NY 10022

IberiaBank
2150 Goodlette Rd.
Naples, FL 34102

Textron Financial Corporation
c/o Mark Bloom, Esq.
Greenberg Traurig
1221 Brickell Ave
Miami, FL 33131

Fifth Third Bank
c/o Brian Giles, Esq.
Statman, Harris & Eyrich, LLC
3700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202

Fifth Third Bank
999 Vanderbilt Beach Rd
Naples, FL 34108

Mellon United, N.A.
Commercial Loan Division
1111 Brickell Ave, 30th Floor
Miami, FL 33131

Florida Financial Investments, Inc.
8156 Fiddler's Creek Pkwy
Naples, FL 34114

Aon Risk Services Inc Of NY
Po Box 7247-7376
Philadelphia, PA
19170-7376

Ash City USA
PMB 816 60 Industrial Pkwy
Buffalo, NY 14227

Avalon Risk Inc.
240 Cedar Knolls Rd
Suite 308
Cedar Knolls, NJ 07927

Bellagio Village Association
5067 Tamiami Trail East
Naples, FL 34113

Carriage Limousine LLC
678 Bald Eagle Dr Ste #4
Marco Island, FL 34115

Century Link
Po Box 96064
Charlotte, NC 28296-0064

Colonnade Properties, LLC
c/o Chris Glinski
380 Lexington Ave., Suite 710
New York, NY 10168

Cranberry Crossing
5067 Tamiami Trail East
Naples, FL 34114

Evans Oil Company
3170 S Horseshoe Dr
Po Box 856
Naples, FL 34106

FBS Property Tax Abatement LLC
200 S Biscayne Boulevard
Suite 2300
Miami, FL 33131

Grand Western Brands Inc.
Po Box 21046
Ft Lauderdale, FL 33335-1046

Guymann Construction Of FL
305 SW 3rd St
Cape Coral, FL 33991-1961

Jenner & Block LLP
330 N Wabash Avenue
Chicago, IL 60611

John Deere Landscapes
One John Deere Place
Moline, Illinois 61265

Lee County Port Authority
11000 Term. Access Rd
#8671
Ft Myers, FL 33913-8899

Sysco West Coast FL
Po Box 1839
Palmetto, FL 34220

Tampa Bay Trane
902 N Himes
Tampa, FL 33609

Textron Business Services Inc
Dept At 40219
Atlanta, GA 31192-0219

The Advocacy Group At
Tew Cardenas LLC
215 South Monroe St Ste
702
Tallahassee, FL 32301

Titleist/Acushnet Company
Po Box 532402
Charlotte, NC 28290-2402

United Capital Funding Corp.
Po Box 31246
Tampa, FL 33631-3246

Collier County Tax Collector
2800 N. Horseshoe Drive
Naples, FL 34104

The City of Naples
City Attorney
735 Eighth Street South, 2nd Floor
Naples, FL 34102

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Special Procedures – Insolvency
7850 SW 6th Court
Plantation, FL 33324

Special Asst. U.S. Attorney
2110 First Street, Suite 3-137
Ft Myers, FL 33901

The Honorable Eric H. Holden, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001

State of Florida
Department of Revenue
c/o Frederick F. Rudzik
PO Box 6668
Tallahassee, FL 32314

Securities and Exchange Commission
Branch of Reorganization
3475 Lenox Road, N.E., #1000
Atlanta, GA 30326-1232

Diane L. Jensen, Esq.
Local Counsel for Regions Bank
Pavese Law Firm
Post Office Drawer 1507
Ft. Myers, FL 33902

Glenn & Dawn Vician
467 Scarborough Rd.
Valparaiso, IN 46385

Glenn & Dawn Vician
9225 Museo Cir.
Unit 201
Naples, FL 34114-9522

Stephen & Shelia Shulman
5807 Fox Hollow Court
Ann Arbor, MI 48105

Stephen & Shelia Shulman
8589 Bellagio Dr.
Naples, FL 34114

Matthew & Christine Suffoletto
205 Whetherburn Dr
Wexford, PA 15090-8869

Matthew & Christine Suffoletto
189 Richmond Ct
Marco Island, FL 34145

Steven & Ellen Taub
POB 18547
Tampa, FL 33679-8547

Steven & Ellen Taub
107 Wisteria Lane
Media, PA 19063-1668

Steven & Ellen Taub
9283 Menaggio Ct
Naples, Florida 34114

Raymond & Carole David
8579 Bellagio Drive
Naples, FL 34114

Kimberly A. Potter, Esq.
McCumber Daniels Buntz Hartig Puig, P.A.
One Urban Centre
4830 W. Kennedy Blvd, Ste 300
Tampa, FL 33609

Mark J. Woodward, Esq.
Woodward Pires & Lombardo, P.A.
3200 N. Tamiami Trail N.
Ste 200
Naples, FL 34103

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered among Plaintiff, GBFC Development, Ltd. ("GBFC"), and Defendants, Jay G. Browne and Myra E. Browne (collectively, "Browne") (GBFC and Browne referred herein collectively as the "Parties").

## Recitals

WHEREAS, On or about March 3, 2006, GBFC and Browne entered into that certain Purchase Contract and Deposit Receipt ("Purchase Contract") for the purchase and sale of the condominium unit in the Callista condominium development in Fiddler's Creek described as Unit 201, Building 12 Phase 12, Callista at Fiddler's Creek ("Unit"); and

WHEREAS, Browne paid deposits totaling $270,000 ("Deposits") under the Contract, of which $45,000, plus interest is being held by Woodward, Pires & Lombardo, P.A. (the "Escrow Agent") (the "Remaining Deposits"); and

WHEREAS, the Browne did not close on the purchase of the Unit; and

WHEREAS, GBFC filed the lawsuit styled, *GBFC Development, Ltd. v. Jay G. Browne and Myra E. Browne*, Collier County Circuit Court Case No. 08-9677-CA (the "Lawsuit"), against Browne seeking to enforce the Contract by way of specific performance, or, alternatively, an award of damages; and

WHEREAS, Browne has filed a Counterclaim in the Lawsuit against GBFC, and a Third Party Complaint against Woodward, Pires & Lombardo, P.A. and RLI Insurance Company for, among other things, Florida Condominium Law Violation; ILSA Rescission; Breach of Contract; Contingency Not Met; and Violation of Escrow Agreement (the "Counterclaim")

WHEREAS, the Parties mutually desire to resolve their dispute with regard to the Lawsuit and the Contract;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and for good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Parties agree to the following terms and conditions as full and complete settlement of the Lawsuit and any other potential claims that could have been brought by the Parties:

1.      The foregoing recitals are true and correct, and incorporated herein by reference.

2.      By the Parties execution below, they hereby instruct the Escrow Agent to release and disburse to Browne $55,000 from the Remaining Deposits being held by the Escrow Agent with regard to the Unit (the "Settlement Amount").

3.      The Parties hereby release each other from all rights, duties, obligations, and claims arising out of or relating to the Purchase Contract, entered between GBFC and Browne relating to the Unit. The Purchase Contract is hereby terminated.

4.      This settlement is subject to and contingent upon the entry of an order of the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). Once this Stipulation is executed, GBFC will file the appropriate pleadings with the Bankruptcy Court to seek approval of this settlement in Bankruptcy Case No. 10-bk-03846-ALP. GBFC shall use its best efforts to obtain such approval. Notwithstanding, the parties agree to be bound to the terms pending approval. If the Agreement is not approved, this Agreement will be null and void and the Lawsuit shall proceed.

5.      The Settlement Payment will be due 30 days from Bankruptcy court approval. The Settlement Payment shall be made payable to the Garber Hooley & Holloway, LLP Trust Account, and delivered to the offices of Garber Hooley & Holloway, LLP.

6.      Except for the obligations under this Stipulation, the Parties agree to release each other from any and all claims which were raised or could have been raised in the Lawsuit, the Counterclaim, the Contract or with regard to the Deposits.  Specifically, the Parties agree as follows:

A.      BROWNE.  Except for the obligations under this Stipulation, GBFC hereby releases, acquits and forever discharges Browne, and her respective agents, principals, officers, directors, employees, attorneys, insurers and re-insurers, of and from any and all manner of actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims for principal, interest, attorneys fees, costs, direct, consequential or special and punitive damages, judgments; executions, claims and demands whatsoever, in law or in equity, which GBFC ever had, now have, or which any successor or assign of GBFC hereafter can, shall or may have against Browne for, upon or by reason of any claim or defense which was asserted or could have been asserted against her in the Lawsuit.  It is the intent of the Parties to release all claims and defenses GBFC has against Browne relating to the Contract and/or the Unit, whether known or unknown, and all claims or defenses which may be discovered in the future.

B.      GBFC RELEASE.  Except for the obligations under this Stipulation, Browne hereby releases, acquits and forever discharges GBFC, Woodward, Pires & Lombardo, P.A. and RLI Insurance Company, and their respective agents, principals, officers, directors, employees, attorneys, insurers and re-insurers, of and from any and all manner of actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses,

damages, judgments, executions, claims for principal, interest, attorneys fees, costs, direct, consequential or special and punitive damages, judgments; executions, claims and demands whatsoever, in law or in equity, which Browne ever had, now has, or which any successor or assign of Browne hereafter can, shall or may have against GBFC, Woodward, Pires & Lombardo, P.A. and RLI Insurance Company for, upon or by reason of any claim or defense which was asserted or could have been asserted against them in the Lawsuit. It is the intent of the Parties to release all claims and defenses Browne has against GBFC, Woodward, Pires & Lombardo, P.A. and RLI Insurance Company relating to the Contract and/or the Unit, whether known or unknown, and all claims or defenses which may be discovered in the future.

7.     No modification, waiver, amendment, discharge or change of this Agreement shall be valid unless the same is in writing and signed by all the Parties hereto.

8.     The Parties to this Agreement intend that the performance of all duties, obligations, and activities contemplated hereunder be done in strict compliance with the terms, provisions, and procedures contained in this Agreement.

9.     This Agreement shall be construed in accordance with and governed by the laws of the State of Florida, and the Circuit Court for the Twentieth Judicial Circuit, in and for the State of Florida, has, and shall continue to have, jurisdiction over the matter for the purpose of enforcing this Agreement.

10.    This Agreement is binding upon the parties hereto, their heirs, legal representatives, beneficiaries, and assigns.

11.    In the event of any litigation between the Parties arising out of this Agreement, the prevailing party shall be entitled to recover all of its attorneys' fees, costs, and expenses incurred in enforcing this Agreement.

12.    In entering into this Agreement, the Parties represent that they have relied upon, or knowingly waived reliance upon, the advice of counsel, that the terms of this Agreement have been completely read and explained to their satisfaction, and that the terms of the Agreement are fully understood and voluntarily accepted by them.

13.    This Agreement may be executed in counterparts, which together shall be deemed an original.  Facsimile signatures and copies of signatures shall be enforceable and considered the same as original signatures upon receipt.

14.    The effective date of this Agreement is date last signed by the parties.

IN WITNESS WHEREOF, the parties have executed the foregoing as of the date(s) set forth below.

GBFC DEVELOPMENT, LTD.

Witness  *Ricardo Reyes*

By: _____
Print Name: Joseph L Davis
Its: Authorized Representative
Date: June 10, 2011

Witness

Jay G. Browne
Date: 6/10/11

Witness

Myra E. Browne
Date: 6/10/11

[The Remainder of this Page is Intentionally Left Blank]

Page 5 of 5